NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0359n.06

No. 11-1896

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

CURTIS FULLER,                                    )
                                                  )
    Plaintiff-Appellant,                          )
                                                  )
v.                                                )      ON APPEAL FROM THE UNITED
                                                  )      STATES DISTRICT COURT FOR
DENISE GERTH, Case Manager; ANN                   )      THE WESTERN DISTRICT OF
BARSCH; PEGGY ANN CARBERRY;                       )      MICHIGAN
DENVER MCBURNEY; DAVID BERGH,                     )
                                                  )
    Defendants-Appellees.                         )

FILED

Apr 04, 2012

LEONARD GREEN, Clerk

Before: KEITH, MARTIN, and GIBBONS, Circuit Judges.

PER CURIAM. Curtis Fuller, a pro se Michigan prisoner, appeals the dismissal of his civil rights complaint filed pursuant to 42 U.S.C. § 1983.

Fuller alleged that the defendants interfered with his access to the courts in separate lawsuits and retaliated against him for filing those actions. On April 21, 2011, a magistrate judge ordered Fuller to file an amended complaint within twenty-eight days on the court's form for section 1983 complaints. The court mailed Fuller the form that he was required to use. Instead of complying with the court's order, Fuller filed an amended complaint without using the required form. On July 7, 2011, the district court dismissed the case without prejudice because Fuller had failed to comply with the April 21 order.

The only issue on appeal is whether the district court erred in dismissing Fuller's section 1983 complaint for failing to comply with the court's order and local rule.

District courts are empowered to dismiss actions when a litigant fails to comply with a court order, or fails to prosecute a case. *See, e.g.*, Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962). We review such a dismissal under Rule 41(b) for an abuse of discretion. *Coleman v. Am. Red Cross*, 23 F.3d 1091, 1094 (6th Cir. 1994). An abuse of discretion occurs when we are "firmly convinced that a mistake has been made." *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 614 (6th Cir. 1998). When evaluating whether to dismiss a case under Rule 41(b), a court must consider:

> (1) whether the party's failure to cooperate is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dilatory conduct of the party; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Id.* at 615.

The district court did not abuse its discretion in this case. Fuller was required to use the district court's local form in filing his complaint. Fuller was instructed to use that form not only by the local rules, *see* W.D. Mich. Civ. R. 5.6(a), but also by the magistrate judge's order. Fuller was warned by the magistrate judge that he was required to use the court's form, or risk dismissal of his complaint. The court even mailed Fuller a copy of the required form for his convenience. Fuller had more than two months to comply with the court's order before his action was dismissed. Rather than complying with the court's order, he ignored it. Accordingly, the district court did not abuse its discretion in dismissing Fuller's case without prejudice. *See id*. at 614.

The district court's judgment is affirmed.